# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARL JAVAN ROSS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. JKB-19-3338 |
| WARDEN WALTER WEST and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

## MEMORANDUM OPINION

Respondents assert that Petitioner Carl Javan Ross's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 contains claims that are unexhausted before the state courts of Maryland. ECF No. 7. Respondents argue that unless Ross waives review of the unexhausted claims, the Petition must be dismissed without consideration of the merits of any of the claims raised. *Id.* Petitioner has filed a Reply. ECF No. 9.

Upon review of the submissions, the Court finds no need for a hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee,* 215 F.3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is DISMISSED without prejudice.

## BACKGROUND

Ross was tried and was convicted of child sexual abuse, second-degree sexual offense, third-degree sexual offense, fourth-degree sexual offense, and second-degree assault in the Circuit Court for Baltimore County on September 20, 2016. On February 16, 2017, Ross was sentenced

to concurrent sentences of imprisonment for twenty years with all but ten years suspended. ECF No. 7-1 at 10–11.

In 2018, Ross filed a § 2254 petition, docketed in Civ. No. JKB-18-3881 ("*Ross I*") that challenged the same convictions at issue in the instant petition. *See Ross v. Foxwell*, Civ. No. JKB-18-3881 (D. Md. 2019), ECF No. 6-1 at 7–9, 11. On April 22, 2019, this Court issued an Order and Memorandum Opinion that dismissed *Ross I* without prejudice for lack of exhaustion of state-court remedies. That Memorandum Opinion (ECF No. 11 in *Ross I*) is incorporated herein, with the facts, procedural background, and legal analysis it contains repeated here only as necessary to provide context for resolving the now pending petition.

Ross raised four claims in the earlier petition: (A) he was denied a constitutionally speedy trial (seemingly presenting this as a claim of ineffective assistance of trial and appellate counsel); (B) the evidence was legally insufficient to convict him; (C) the trial judge erred in applying the standard of proof; and (D) his trial was "procedurally unreasonable" due to various actions of the trial prosecutor. (ECF No. 6 in *Ross I* at 5–6). This Court dismissed the petition in *Ross I* without prejudice because only the sufficiency of the evidence claim was exhausted before the state courts (ECF No. 11 in *Ross I* at 3).[1] This Court also noted Ross was within the limitations period under the Uniform Postconviction Procedure Act, Md. Code Ann., Crim. Proc. §§ 7-101, *et seq.*, to file a post-conviction petition. (*Id.*).

On April 8, 2019, Ross filed a post-conviction petition pro se in the Circuit Court for Baltimore County. ECF No. 7-1 at 5. The State filed an answer and motion to dismiss on April 24, 2019. *Id*. at 5. Ross filed a supplemental post-conviction petition on June 8, 2019, which the State answered on June 27, 2019. *Id*. Ross filed a "Response" on July 17, 2019. *Id*. at 4. Ross,

---

[1] The sole claim Ross raised on direct appeal was that the evidence was legally insufficient to convict him. ECF No. 6-1 in *Ross I* at 67–69.

by his counsel, filed a second supplemental petition[2] for post-conviction relief on September 12, 2019, which the State answered on September 18, 2019. *Id*. at 4.

On September 23, 2019, the Circuit Court for Baltimore County held a hearing on the post-conviction petition. *Id.* On November 2, 2019, the Circuit Court issued a Memorandum Opinion and Order in which it noted that Ross had withdrawn all claims other than those asserted in the counseled second supplemental post-conviction petition and denied Ross's claims in that petition in their entirety. *Id*. at 4, 26–47, n.1.

On November 14, 2019, Ross filed the instant petition, raising five claims (several were also asserted in *Ross I*): (A) violation of his right to a speedy trial; (B) violation of his right to a public trial; (C) prosecutorial and judicial misconduct; (D) racially discriminatory prosecution; and (E) insufficiency of the evidence. ECF No. 3 at 5–6.

Ross filed a timely application for leave to appeal from the denial of post-conviction relief on or about November 21, 2019. ECF No. 7-1 at 4, 48–58. The Application was docketed in the Court of Special Appeals of Maryland as Application for Leave to Appeal Docket No. 2083, September Term 2019. *Id*. at 24–25. The Court of Special Appeals has not yet requested an answer to the application, nor has the State filed one, and the Court of Special Appeals has not yet ruled on the application. *Id*; *see also* http://casesearch.courts.state.md.us (viewed March 25, 2020).

## DISCUSSION

The federal habeas statute states that a writ of habeas corpus may not be granted to a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies

---

[2] The post-conviction counsel described the claims presented as A) ineffective assistance of counsel for: 1) failing to object to postponements of his trial date; 2) failure to perform adequate cross examination; 3) advising him not to testify at trial; 4) failure to object during closing arguments and B) prosecutorial misconduct. ECF No. 7-1 at 31–46.

available in the courts of the State." 28 U.S.C. § 2254 (b)(1). Before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Respondents argue that this case is, for purposes of the exhaustion requirement in § 2254(b), in no different a posture than it was when the decision was issued in *Ross I*. Specifically, Ross will not have exhausted the claims asserted in his post-conviction proceeding until either the Court of Special Appeals denies leave to appeal or, if it grants leave to appeal but affirms the circuit court's denial of post-conviction relief on the merits, until he has sought further review by petition for certiorari in the Court of Appeals of Maryland. ECF 7-1 at 4. Ross provides no evidence that the Court of Special Appeals has ruled on the Application for Leave to Appeal. ECF No. 9.

Under § 2254, "each ground for relief [is] an independent claim," and all claims in a petition must be exhausted. *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017). A habeas petition that includes both exhausted and unexhausted claims must be dismissed, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510. This petition contains exhausted and unexhausted claims, and Ross has not elected to proceed solely on the exhausted sufficiency of the evidence claim. Consequently, this federal petition will be dismissed without prejudice in its entirety.

Ross may exhaust his claims in state court and return to federal court because the limitations period to file a petition for federal habeas relief has not expired and is currently tolled

(*i.e.*, paused). Ross's convictions became final on direct review on October 29, 2018, when the Supreme Court denied his petition for certiorari and triggered the running of the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A). When Ross filed his initial petition for post-conviction relief on April 8, 2019, which qualified as an "application for State post-conviction or other collateral review," that tolled the limitations period so long as post-conviction review remains pending. 28 U.S.C. § 2244(d)(2). Between October 29, 2018, and April 8, 2019, 161 days elapsed, leaving 204 days remaining in the one-year limitations period. Thus, once state post-conviction review concludes, he will have 204 days in which to file another federal habeas petition raising his exhausted claims. *See* ECF 7 at 4. The Clerk will send Ross § 2254 forms and information to assist him if he intends to file for federal relief after exhausting his claims before the state courts.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Ross must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). Where, as is the case here, a petition is denied on procedural grounds, the petitioner satisfies the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Ross has not made the requisite showing, and the Court declines to issue a certificate of appealability. He may request a certificate from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003)

(considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DISMISSED without prejudice. A certificate of appealability shall not issue. A separate Order follows.

Dated this 25th day of March, 2020.

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge